**Albert PLEASANT, III, As Administrator of the Goods, Chattels, and Credits of Anita Pleasant, deceased, and Albert Pleasant, III, Individually,**

v.

**UNITED STATES of America.**

Civil Action No. 95–1739.

United States District Court,
W.D. Louisiana,
Lake Charles Division.

Feb. 23, 1996.

Lawrence N. Curtis, Lafayette, LA, for plaintiffs.

Carl Perry, Lafayette, LA, for defendant.

## MEMORANDUM RULING

EDWIN F. HUNTER, Jr., Senior District Judge.

Before the court is defendant's, the United States of America, motion to dismiss for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1).

The facts are largely undisputed. On May 6, 1987, Anita Pleasant was admitted to Bayne–Jones Army Community Hospital at Fort Polk, Louisiana. Mrs. Pleasant was 37 weeks pregnant at the time. Due to medical problems, doctors performed an emergency cesarian. During the operation, Mrs. Pleasant aspirated vomit. After the operation, Mrs. Pleasant remained on mechanical ventilation in the hospital's intensive care unit. On May 11, 1987, Mrs. Pleasant went into cardio-pulmonary arrest and died. The death certificate issued on May 12, 1987, lists cardiorespiratory arrest, aspiration pneumonia with ARDs, and disseminated intravascular coagulopathy as the causes of death. At some point, Mr. Pleasant associated his wife's death with alleged negligent medical care she received while at the hospital.

Mr. Pleasant filed an administrative claim(s) with the Department of the Army on, or before June 6, 1990.[1] On February 2, 1995, the Department of the Army denied the claims. The denial was upheld on reconsideration on March 31, 1995. The instant suit was filed in federal court on September 28, 1995.

■ An action may be dismissed for lack of subject matter jurisdiction on any one of three separate grounds: (1) the complaint standing alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or, (3) the complaint, the undisputed facts, and the court's resolution of disputed facts. *Voluntary Purchasing Groups, Inc. v. Reilly*, 889 F.2d 1380, 1384 (5th Cir.1989).

■ A tort claim against the United States is forever barred unless it is presented in writing to the appropriate federal agency within two years after the claim accrues. 28 U.S.C. § 2401(b). In medical malpractice cases, a tort action does not "accrue" for limitations purposes until the patient discovers, or in the exercise of reasonable diligence, should have discovered his injury and its cause. *MacMillan v. United States*, 46 F.3d 377, 381 (5th Cir.1995). In other words, the limitations period starts to run when plaintiff is aware of facts which would lead a reasonable person, (a) to conclude that there was a causal relationship between the treatment and injury or (b) to seek professional advice which would enable him to conclude that there was a causal connection between the treatment and the injury. *Id.;* see also, *United States v. Kubrick*, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979).

The United States contends that the bare-bones explanation listed on the May 12, 1987, death certificate should have alerted Mr. Pleasant to the possibility that his wife's death was causally related to the treatment administered by the health care provider(s). If we accept the government's argument, then plaintiff's administrative claim was not timely filed within two years of the accrual date. Conversely, plaintiff argues that he was not aware of the cause of his wife's death until he received her medical records in mid-June, 1988. If the action did not accrue until this latter date, then plaintiff's administrative claim was timely filed.

■ The government does not contest Mr. Pleasant's assertion that he requested a copy of his wife's records from the hospital at the time of her death. Nor does the government challenge Mr. Pleasant's statement that he did not receive the records until mid-June, 1988. The only dispute herein, is whether the death certificate was sufficient for a reasonable person in Mr. Pleasant's shoes to suspect that his wife's death was causally related to her doctors' actions.

1. Two administrative claims received by the Army were date-stamped "received" on June 6, 1990. There is also a notation on the bottom of the claims that they were received on June 4, 1990, by Major Peter Schmidt.

We feel that the explanation on the death certificate is inadequate to reveal a causal relationship between the doctors' actions and Mrs. Pleasant's death. The death certificate simply indicates, "cardiorespiratory arrest, aspiration pneumonia with ARDs, and disseminated intravascular coagulopathy." A reasonable person could not conclude from these words that the doctors' actions were potentially causally related to Mrs. Pleasant's death. Plaintiff's action did not accrue until mid-June, 1988, when he received the medical records. Accordingly, the administrative claim was timely filed with the Department of the Army within two years of accrual.

Defendant's motion to dismiss for lack of subject matter jurisdiction is DENIED.